UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| CHARLES FORTENBERRY, Jr. | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:05-CV-42 |
| | ) | |
| SHERIFF JOHN HENSON, | ) | |
| WENDELL TREADWAY, Jail Adm'r, | ) | |
| and TOMMY SKEANS, Former Jailer | ) | |

## MEMORANDUM and ORDER

Charles Fortenberry, Jr., an inmate who was formerly confined in the Carter County Detention Center (CCDC), brings this pro se civil rights complaint for injunctive relief and damages under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
    or
    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on February 16, 2005. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has

been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the Johnson County Jail, where the plaintiff is currently confined, to ensure full compliance with the fee-assessment procedures outlined above.

The plaintiff has not filled out the "Statement of Claims" segment of his § 1983 form complaint, but instead, for his statement of claims, has referred the Court to a letter he mailed to defendant Wendell Treadway, the Administrator of the CCDC. In the letter, the plaintiff makes the allegations which follow.

On January 30, 2004, the plaintiff attempted to commit suicide by electrocuting himself (he twice plugged a cord taken from a television set into an electrical outlet and put the other end of the cord into his mouth) and, afterwards, was taken to a cell with cameras. As a consequence of his suicide attempt, he had blisters in his mouth and down his throat; numbness in his face and the left side of his body and face; and extreme heaviness in his chest—indeed, for ninety-six hours, he thought he was having a heart attack. He begged to be taken to the hospital and to see a doctor, but was refused.

The cell in which he was placed did not have a bathroom, and the plaintiff had to beat on the door to go to the bathroom. This presented a problem to the plaintiff, who has chronic

---

[1] **Send the payments to:**
        **Clerk, USDC**
        **220 West Depot Street, Suite 220**
        **Greeneville, TN 37743**

diarrhea, because for nine days prior to his failed suicide, he had been denied the medications he takes to control the diarrhea and because without those medications, he has some 20-25 bowel movements within a 24-hour period. When he asked the guards to allow him to go to the bathroom, they laughed at him. More than once, he soiled himself and had to remain in that condition for hours because he was in a cell with no running water to clean himself.[2] He also had to urinate in milk and orange juice containers.

All these incidents were detailed in a notebook, along with a list of the prescribed medications he was denied, and some letters. The plaintiff also asserts violations of state law based on the above described actions or failures to act. For the alleged violations of his rights, the plaintiff seeks money damages and the initiation of criminal prosecutions against the defendants.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert.* denied, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion

---

[2] This and the preceding allegation are contained in the "Relief" section of the form complaint.

requirement sua sponte. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), cert. denied, 531 U.S. 1040 (2000).

In this case, the plaintiff makes many allegations involving the conditions and treatment to which he was subjected. The plaintiff maintains that there is a grievance procedure at the CCDC and that he verbally complained and also wrote two letters of complaint. However, he does not contend that he filed a grievance concerning these matters: writing letters to jail officials, in lieu of utilizing an established grievance procedure, is insufficient to show administrative exhaustion of claims. *Shepard v. Wilkinson*, 2001 WL 1563934, *1 (6th Cir. Dec. 5, 2001) (citing Freeman v. Francis, 196 F.3d 641, 644 (6th Cir.1999)). Thus, the plaintiff has failed to bear his burden of showing exhaustion as to the constitutional claims raised in his complaint.

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:

                    s/Thomas Gray Hull
                    THOMAS GRAY HULL
                      SENIOR U. S. DISTRICT JUDGE